

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 2 2011
CLERK, U.S. DISTRICT COURT
by_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RONALD MICHAEL HILL, §
§
      Petitioner, §
§
v. § No. 4:11-CV-228-A
§
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
      Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ronald Michael Hill, a state prisoner currently incarcerated in Iowa Park, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

**I. FACTUAL AND PROCEDURAL HISTORY**

The pleadings, state court records, and documentary evidence presented by the parties reflect that petitioner is serving a life sentence for his 2006 conviction for murder in the 396th

Judicial District Court of Tarrant County, Texas. (Pet. at 2) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, the Texas Court of Criminal Appeals denied petitioner's petition for discretionary review, and the United States Supreme Court denied his petition for writ of certiorari. (*Id.* at 3) On June 23, 2008, petitioner filed a state habeas application in the trial court, raising one or more of the claims presented in this federal petition, and, on August 13, 2010, petitioner filed a motion for forensic DNA testing in the trial court. (Resp't Preliminary Resp., Ex. A) Petitioner is represented by court-appointed counsel in each state collateral proceeding, both of which remain pending at this time.[1] (*Id.*; Pet'r Reply Exs. A & B) Petitioner has filed a previous federal petition for habeas relief challenging the same conviction, which was dismissed without prejudice on exhaustion grounds. *Hill v. Thaler*, No. 4:09-CV-522-A, 2010 WL 882996 (N.D.Tex. Mar. 11, 2010). This petition was filed on April 5, 2011.[2]

---

[1] Written confirmation with the Tarrant County District Clerk's Office confirms this fact.

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

## II. EXHAUSTION OF REMEDIES IN STATE COURT

Thaler has filed a preliminary response requesting this petition also be dismissed without prejudice on exhaustion grounds. (Resp't Preliminary Resp. at 4-8) 28 U.S.C. § 2254(b)-(c).

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). 28 U.S.C. § 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

A Texas prisoner may satisfy the exhaustion requirement by

presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, the state's highest court, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

Unquestionably, petitioner has not yet exhausted his state court remedies with respect to the claims presented in this federal petition as his state habeas application and motion for forensic DNA are still pending in the state trial court. Petitioner claims he should be excused from the exhaustion requirement due to excessive delay by the state courts in hearing his claims. The Fifth Circuit has recognized that an inordinate and unjustified delay in the state review process may excuse the federal exhaustion requirement, where the delay is wholly and completely the fault of the state and impinges upon the petitioner's due process rights. *Deters v. Collins*, 985 F.2d 789, 795-97 (5th Cir. 1993); *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976). If the delay is justifiable, there is no reason to excuse the exhaustion requirement. *See Deters*, 985 F.2d at

4

795-96; *Dixon v. State of Fla.*, 388 F.2d 424, 426 (5th Cir. 1968).

Although the delay in considering petitioner's state habeas application appears excessive, petitioner's motion for DNA testing was not filed until August 13, 2010, less than eight months before this federal petition was filed. (Resp't Preliminary Resp., Ex. A) It is possible the disposition of petitioner's motion for DNA testing will have an effect on one or more of petitioner's state habeas claims, or vice versa, which, in turn, may have an effect on one or more of his federal habeas claims.

Further, as noted in petitioner's previous federal habeas action, the delay does not appear to be wholly and completely the fault of the state. *See Hill v. Thaler*, No. 4:09-CV-522-A, slip copy, 2010 WL 882996 (N.D.Tex. Mar. 11, 2010) (order). Petitioner filed numerous motions, responses, and objections, and amended his state habeas application to add an additional claim(s) as late as February 26, 2010, whereupon counsel was appointed to represent him. (Pet'r Reply, Ex. A; Resp't Preliminary Resp., Ex. A)

There is no absence of available state corrective procedures and it appears the state postconviction proceedings are ripe for

determination, and petitioner's rights are currently being safeguarded by counsel in those proceedings. Under the circumstances, the court concludes federal intervention at this juncture would be inappropriate and would only disrupt the pending state proceedings. 28 U.S.C. § 2254 (b) & (c); *Deters*, 985 F.2d at 796-97. The state courts should have the first opportunity to litigate petitioner's claims and correct any errors or mistakes.

Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice on exhaustion grounds, except as to the application for the federal statute of limitations or any other federal procedural bar that might apply. The court further ORDERS that all motions not previously ruled upon be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED July 22, 2011.

_____
JOHN McBRYDE
United States District Judge